UNI TED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ERIC FLORES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15-CV-55-SNLJ |
| | ) | |
| U.S. ATTORNEY GENERAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the application of Eric Flores, a resident of El Paso, Texas, for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915 [Doc. #2]. Upon consideration of the financial information provided with the application, the Court will grant plaintiff leave to proceed in forma pauperis. In addition, for the reasons stated below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is

malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its

judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**The Complaint**

Plaintiff, who is proceeding pro se, has filed a 64-page complaint titled: "Petition to Challenge the Constitutionality of the First Amendment." The named defendants are the United States Attorney General and the Federal Bureau of Investigation. Plaintiff also names 19 "interested parties," and he appears to be seeking class certification. Plaintiff complains that unspecified persons in Missouri and elsewhere have inflicted torture in the form of "nuclear advanced technology with a direct signal to [a] satellite in outer space," in order to control and harm him, as well as numerous other Mexican-Americans, who are family members, friends, and/or acquaintances of plaintiff.

## Discussion

### A. Class Certification

Plaintiff's request for class certification will be denied. A pro se litigant may bring his own claims to federal court; however, not being an attorney, he may not assert the claims of others. *See* 28 U.S.C. § 1654; *see also* 7A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1769.1 (class representatives cannot appear pro se).

### B. The Merits

Having carefully reviewed the complaint, the Court concludes that plaintiff's factual allegations are delusional and fail to state a claim or cause of action. In this regard, the Court takes judicial notice of two substantially similar cases that plaintiff filed in the District of Maine. *See Flores v. U.S. Attorney General*, No. 2:13-CV-52-DBH (D. Me. 2013); *Flores v. U.S. Attorney General*, No. 2:13-CV-7-DBH (D. Me. 2013). In both cases, the District Court of Maine summarily dismissed plaintiff's allegations under § 1915(e)(2)(B) and warned plaintiff that any further frivolous filings would result in filing restrictions being placed upon him. In addition, the Court stated:

> A review of PACER case locator indicates there are over fifty-four cases filed on the national level by Eric Flores. I have not examined all of those cases, but I have reviewed a significant number in order to be satisfied that the same individual is responsible for most of these

> filings based upon the nature of the allegations in the complaints. In an order dated May 25, 2012, United States District Court Judge Philip Martinez of the Western District of Texas recounted Flores's litigation history in El Paso and denied Flores's application to proceed in forma pauperis on appeal. Judge Martinez noted that Flores was previously sanctioned and barred from further frivolous filings in that Court in 2011. *In re Eric Flores*, EP-12-MC-184-PRM (W.D. Tex. 2012).

*Flores v. U.S. Attorney General*, 2013 WL 1122719 (D. Me. 2013). The District Court of Maine further noted that filing restrictions were placed on plaintiff after he had filed at least a dozen complaints in the District of Columbia, all of which had been dismissed. *Id*. Thereafter, in an effort to avoid those restrictions, plaintiff filed several identical complaints in New Mexico and Ohio. *Id*. In dismissing *Flores v. U.S. Attorney General*, No. 2:13-CV-7-DBH (D. Me. 2013), the Court stated that it was "join[ing] the long list of jurisdictions that have screened this or similar complaints filed by Flores and concluded that they contain 'the hallucinations of a troubled man.' *Flores v. United States Attorney General*, No. 2:12-CV-987-MEF-TFM (M.D. Ala.); *see also, Flores v. United States Dep't of Health and Human Servs., et al.*, No. 3:12-CV-92 (M.D. Tenn.); *Flores v. United States Attorney General*, No. 4:12-CV-4144-SOH (W.D. Ark.); *Flores v. United States Attorney General*, No. 4:12-CV-4154-TSH (D. Mass.); and *Flores v. United States Attorney General*, No. 12-CV-1250-JPS (E.D. Wis.)."

In addition, the Court takes judicial notice of a similar lawsuit, *Flores v. U.S. Attorney General*, No. 4:13-CV-525-ERW (E.D. Mo.), that was dismissed as legally frivolous and for failure to state a claim or cause of action.

For these reasons, the instant action will be dismissed as legally frivolous and delusional under § 1915(e)(2)(B). Plaintiff is warned that any further frivolous filings may result in filing restrictions being placed upon him in the Eastern District of Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because it is legally frivolous, delusional, and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 17th day of April, 2015.

_____
**UNITED STATES DISTRICT JUDGE**